## In re Anonymous No. 2 D.B. 86

Disciplinary Board Docket No. 2 D.B. 86.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania

GILBERT, *member,* March 12, 1987 — Pursuant to rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above petition for discipline.

### HISTORY OF THE PROCEEDINGS

Respondent, [ ], born in 1928 and admitted to practice law in the commonwealth of Pennsylvania in 1979, has an address of record for both his office and home at [ ].

[Respondent], then employed by the United States Department of the Navy as [A] Counsel at the [B] Center ([B]) at [C], was indicted by the Grand Jury in the United States District Court for the [D] District of Pennsylvania of two counts of knowingly accepting a thing of value for himself from a con-

tractor in return for making favorable decisions on contracts, and for one count of accepting a thing of value in return for obtaining proprietary drawings for the same contractor.

On August 28, 1985, respondent pleaded not guilty to the indictment. Then on September 20, 1985, a plea agreement was filed in the United States District Court for the [D] District of Pennsylvania in which respondent agreed to waive the indictment by the grand jury and to plead guilty to a felony information filed by the United States Attorney for the [D] District of Pennsylvania charging respondent with two counts of unlawfully accepting gratuities for or because of official acts performed or to be performed by him as [A] Counsel at [B]. The original indictment was then dropped, respondent entered a plea of guilty to the two new charges, and on November 20, 1985, he was sentenced by the United States District Judge, the Honorable [E], to a two-year period of imprisonment and fined $10,000 on count I. The sentence was then suspended and respondent was placed on probation for three years subject to the special condition of performance of 400 hours of community service. The sentence for count II was adjudged to be the same as imposed in count I and to run consecutive as to the fine only with the sentence imposed in count I.

On January 9, 1986, the Pennsylvania Supreme Court issued an order suspending respondent from the bar of Pennsylvania pursuant to rule 214(d), Pa.R.D.E., and on February 18, 1986, the Office of Disciplinary Counsel filed a petition for discipline, stating that respondent had violated the following Rules of the Code of Professional Responsibility:

DR 1-102(A)(3), dealing with engaging in illegal conduct involving moral turpitude;

DR 1-102(A)(4), dealing with conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102(A)(5), dealing with conduct prejudicial to the administration of justice; and

DR 1-102(A)(6), dealing with conduct adversely reflecting on an attorney's fitness to practice law.

Further, the aforesaid conviction of respondent constitutes an independent basis for discipline pursuant to rule 203(b)(1), Pa.R.D.E.

On March 17, 1986, respondent answered the petition admitting to the first 10 points of the petition for discipline, but denying that respondent was guilty of moral turpitude, or dishonesty, nor that his conduct was prejudicial to the administration of justice, or reflected adversely on his fitness to practice law, and concluded that his conviction did not constitute an independent basis for discipline.

These matters were referred to hearing committee [ ] consisting of [ ]: Petitioner was represented by [F] Esq., Assistant Disciplinary Counsel, who introduced six exhibits. Respondent appeared and was represented by [G] and [H], Esq. He testified in his own behalf, presented the testimony of four character witnesses and introduced four documentary exhibits, two of which were character-type letters. Subsequently an additional exhibit was filed (with no objection by respondent's counsel) noting that the Department of Navy had, as of August 29, 1986, debarred respondent for a period of three years from doing business with the Navy.

On November 20, 1986, the hearing committee filed a report with the Disciplinary Board of the Supreme Court of Pennsylvania concluding that respondent, [ ], had violated the disciplinary rules as charged and recommended that he be suspended from the practice of law for a period of three years imposed retroactively beginning on November 20,

1985, so that the period of suspension would run concurrently with the three (3) year probation imposed by the Honorable [E], U.S. District Judge.

On December 16, 1986, the disciplinary counsel stated in a letter to the Secretary of the Disciplinary Board that he would not file a formal brief on exceptions to the report of the hearing committee. But he did ask for a review of the effective date of the recommended three-year suspension. He recommended that instead of November 20, 1985, (the date of the probation imposed by the court) that it be January 9, 1986, the date upon which the Supreme Court had interimly suspended respondent.

Respondent, through counsel, filed a brief on exceptions on December 22, 1986, stating that the hearing committee had considered uncharged and irrelevant conduct, gave undue weight to the Department of the Navy's disbarment, and gave insufficient weight to respondent's character witnesses.

The Office of the Disciplinary Counsel rejected each of these exceptions in a lengthy letter of January 20, 1987, and the case was then brought before the disciplinary board for adjudication at its meeting of February 18, 1987.

## FINDINGS OF FACT

The Disciplinary Board of the Supreme Court of Pennsylvania hereby adopts the following findings of fact including Findings 1 through 14 of the hearing committee, averments in the petition for discipline, all of which were admitted by respondent.

(1) Petitioner, whose principal office is located at 300 North Second Street, Commerce Building, Third Floor, Harrisburg, Pa., by [F], Assistant Disciplinary Counsel, is vested under rule 207 of the Pennsylvania Rules of Disciplinary Enforcement with the power and duty to investigate all matters

involving alleged misconduct of an attorney admitted to practice law in the commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with various provisions of the aforesaid rule.

(2) Respondent, [ ] Esq., was born on August 27, 1928, was admitted to practice law in the commonwealth of Pennsylvania on May 22, 1979, and his address of record for both his office and home is [ ].

(3) On January 9, 1986, the Supreme Court of Pennsylvania entered an order directing that the matter involving respondent's conviction in the United States District Court for the [D] District of Pennsylvania of two counts of Unlawful Receipt of Gratuities by Public Official in violation of 18 U.S.C. §201(g) be referred to the disciplinary board pursuant to rule 214(f) Pa.R.D.E.

(4) Pursuant to the power granted by rule 207, Pa.R.D.E., petitioner brings the following charge of professional misconduct in violation of the Code of Professional Responsibility (204 Pa. Code, Ch 81).

(5) On August 7, 1985, an indictment by the grand jury was filed against respondent in the United States District Court for the [D] District of Pennsylvania at No. [ ]. Therein respondent was charged with two counts of knowingly accepting a thing of value for himself from [I], and [J] Inc., for and because of official acts to be performed by him as [A] Counsel at [B] Center ([B]) at [C], to wit: making decisions and taking action on contracts sought or awarded by the Department of the Navy said contracts being matters that would be pending before respondent in his official capacity, violating section 205(g) of Title 18, U.S.C. Respondent was also charged with one (1) count of corruptly accepting a thing of value in return for being induced to

violate his official duty with respect to obtaining for [I], and [J] Inc., proprietary drawings belonging to [K] Corporation, violating section 201(c)(3) of Title 18, U.S.C.

(6) On August 28, 1985, respondent entered a plea of not guilty to the aforesaid indictment.

(7) On September 20, 1985, a plea agreement was filed in the United States District Court for the [D] District of Pennsylvania. Therein respondent agreed to waive indictment by the grand jury and to plead guilty to a Felony Information which would be filed against respondent by the United States Attorney for the [D] District of Pennsylvania. Thus, on September 20, 1985, an information was filed against respondent by the United States Attorney. Therein respondent was charged with two counts of unlawfully accepting gratuities for or because of any official act performed or to be performed by him as [A] Counsel at [B], violating 18 U.S.C. 201(g). Respondent entered a plea of guilty to the within information on September 20, 1985.

(8) On November 20, 1985, the United States Attorney for the [D] District of Pennsylvania filed an order for dismissal, dismissing the indictment filed on August 7, 1985, against respondent, and leave of court was granted for the filing of the foregoing dismissal.

(9) On November 20, 1985, the Honorable [E], U.S. District Judge, sentenced respondent to a two-year period of imprisonment and imposed a fine of $10,000 on count I. The sentence as to imprisonment on count I was suspended, and respondent was placed on probation for three years. The three-year probation period is subject to the special condition of the performance of 400 hours of community service work. It was adjudged on count II that the sentence be the same as imposed in count I and

shall run consecutive as to the fine only with the sentence imposed in count I.

(10) On January 9, 1986, the Pennsylvania Supreme Court issued an order suspending respondent from the Bar of Pennsylvania pursuant to 214(d), Pa.R.D.E.

In addition, the hearing committee made the following additional findings of fact:

(11) Petitioner believes and therefore avers that respondent has, by his conduct as set forth hereinabove in paragraphs 5 through 10 inclusive, violated the following disciplinary rules of the Code of Professional Responsiblity: .

DR 1-102(A)(3), dealing with engaging in illegal conduct involving moral turpitude;

DR 1-102(A)(4), dealing with conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102(A)(5), dealing with conduct prejudicial to the administration of justice; and

DR 1-102(A)(6), dealing with conduct adversely reflecting on an attorney's fitness to practice law.

On or about October 24, 1983, respondent purchased a Cadillac from [I], President of [J] Inc. for the sum of $7,000, which sum was substantially less than the value of the vehicle. The obtaining of this Cadillac vehicle for less than its true value truly constituted an Unlawful Receipt of Gratuities.

(12) Between December 1, 1981, and November 24, 1984, respondent received other unlawful gratuities from [I], including receipt of [L] football tickets, the use of [I's] Cadillac for a weekend trip to [M], the attendance at three Christmas parties given by [J], at which parties, in addition to the food and beverage that was served, respondent was provided with turkeys and "gag gifts" and lunches paid for by [I].

(13) During this period of time, in accordance with requests made by [I], respondent asked [N], who worked for the [O] Company and its two divisions, the [P] Division and the [K] Division, to get him drawings for two [K] parts.

(14) Throughout the federal investigation of these matters, respondent continuously lied to the investigators and attempted to hide the fact that he had received the aforesaid "gratuities" and had taken any action on behalf of [I]. As a result of the continuous failure of respondent to be truthful with regard to these matters, the investigation had to be extended unnecessarily, thereby requiring "an enormous amount of human resources to follow-up and disprove (respondent's) lies."

## CONCLUSIONS OF LAW

The Disciplinary Board of the Supreme Court of Pennsylvania makes the following conclusions of law in this proceeding:

Respondent has, by his conduct, violated the following disciplinary rules of the Code of Professional Responsibility:

DR 1-102(A)(3);
DR 1-102(A)(4);
DR 1-102(A)(5); and
DR 1-102(A)(6).

The Disciplinary Board of the Supreme Court of Pennsylvania also finds that the conviction of the respondent constitutes an independent basis for discipline pursuant to Pa.R.D.E. 203(b)(1).

## RECOMMENDATION

For the foregoing reasons the disciplinary board recommends to the Supreme Court of Pennsylvania that respondent, [ ], be suspended from the practice of law for a period of three years retroactive to

the date on which respondent was interimly suspended from the practice of law by order of the Supreme Court of Pennsylvania, January 9, 1986. Further it is recommended that the court direct that the necessary expenses incurred in the investigation and prosecution of these proceedings be paid by respondent.

Messrs. Schwartzman, Curran, Mundy, Brown, Tumolo and Keller did not participate in the adjuciation.

### ORDER

NIX, *C.J.*, And now, this May 29, 1987, upon consideration of the report and recommendations of the disciplinary board dated March 12, 1987, it is hereby ordered that [respondent] be and he is suspended from the bar of this commonwealth for a period of three years commencing January 9, 1986, and he shall comply with all the provisions of rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the disciplinary board pursuant to rule 208(g), Pa.R.D.E.